SIRE v. SHUBERT et al.

(Supreme Court, Appellate Division, First Department. April 22, 1904.)

1. COSTS—INTERLOCUTORY ORDERS—STAY OF PROCEEDINGS—SERVICE OF ORDER—NECESSITY.

Under Code Civ. Proc. § 779, providing that where costs of motion directed by order to be paid are not paid within the time fixed by the order, or, if no time is fixed within 10 days after service of the order, all proceedings on the part of the person directed to make payment, except to review or vacate the order, are stayed, without further direction of court, such nonpayment of costs, whether the time of payment is fixed by order or not, does not stay proceedings until service of a copy of the order on the party's attorney; and, when not so served, the party has a right to serve notice of trial, and place the cause on the calendar, and, when so placed, it cannot be stricken by the court.

Appeal from Special Term, New York County.

Action by Henry B. Sire against Samuel S. Shubert and others. From an order striking the cause from the Special Term calendar, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Josiah Canter, for appellant.
William Klein, for respondents.

McLAUGHLIN, J. Plaintiff obtained an injunction pending the return of an order to show cause why the same should not be continued during the pendency of the action. On the return of the order the motion to continue was denied, and the injunction vacated, with $30 costs, and the plaintiff appealed. Intermediate the order vacating the injunction and the hearing of the appeal, the plaintiff served a notice of trial for the December term, 1903, which was returned by the defendants' attorney on the ground that the costs referred to had not been paid. The plaintiff then put the cause upon the Special Term calendar for trial, and the defendants thereupon moved to strike the same therefrom on the ground that it was improperly placed thereon. The motion was granted, and it is from this order that the present appeal is taken.

The fact is uncontradicted that, at the time the plaintiff served the notice of trial and placed the cause upon the Special Term calendar, the costs referred to had not been paid, and the plaintiff, by reason thereof, was stayed from proceeding in the action, except to review the order vacating the injunction, if the defendants had taken such proceedings as brought him within the section of the Code of Civil Procedure relating to the payment of the costs of a motion. The payment of such costs is regulated by section 779, which provides that where the costs of a motion directed by an order to be paid are not paid within the time fixed for that purpose by the order, or, if no time is so fixed, within 10 days after the service of a copy of the order, an execution against the personal property of the party required to pay the same may be issued, and all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed, without further direction of the court, until the payment thereof is made. Here it does not appear that any time was specified in the order within which the costs were to be paid, nor does it appear that, at the time the plaintiff placed the cause upon the calendar, the defendants had served a copy of the order awarding costs. The nonpayment of the costs, whether the time of payment was specified in the order or not, did not operate as a stay until after a copy of the order had been served upon plaintiff's attorney. The plaintiff had no notice of the order, and, of course, could not be put in default until such notice was given by the service of a copy of it. If this be the correct construction of this section, then the plaintiff had a right, so far as appears, to serve his notice of trial and place the cause upon the calendar when he did. Having this right, the court erred in granting defendants' motion to strike the cause from the calendar.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.